UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

LUTHER BOONE
6913 Greensboro Lane
Ft. Washington, MD 20744
          Plaintiff,

v.                                          Civil Action No.: _____

                                         JURY TRIAL DEMANDED

RAYMOND NABUS, Jr. Secretary of the
UNITED STATES DEPARTMENT
OF THE NAVY
1435 10th Street, S.E.
Washington, D.C. 20374

          Defendant.

## COMPLAINT
### (Retaliation, Constructive Discharge)

1.     Plaintiff, Luther Boone, brings this civil action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e -16(c), alleging that he has been and continues to be a victim of retaliation after engaging in protected activity.

## JURISDICTION

2.     This Court has jurisdiction over the subject matter of this civil action pursuant to 42 U.S.C. 2000e-16(c). Plaintiff has fully exhausted his available administrative remedies by lodging a formal administrative complaint of employment discrimination with the United States Department of the Navy (the "Agency") (Agency No. DON-11-40080-01589) within (45) days of the last occurrence. Plaintiff filed a *pro se* complaint of discrimination with the Equal Employment Opportunity Commission (the "Commission") when the Agency was unable to render a decision on Plaintiff's complaint within (180) days.

Plaintiff voluntarily dismissed his complaint of discrimination and retaliation with the Commission.

3. On or about April 2012, the Commission formally acknowledged the dismissal of the Plaintiff's Administrative Complaint. (See Attachment 1)

## VENUE

4. Venue is proper in this judicial district as the conduct giving rise to the claims made herein occurred at the United States Attorneys' Office for the District of Columbia which is a division of the United States Department of Justice and is located in the District of Columbia. Further, Plaintiff worked for the United States Department of Navy in this jurisdiction and Defendants maintain its personnel records of Plaintiff in this jurisdiction.

## PARTIES

5. Plaintiff, Luther Boone, (hereinafter "Mr. Boone" or "Plaintiff"), is a 65 year old, African American male, citizen of the United States and the State of Maryland. During the period that gives rise to this litigation, he was employed as a Maintenance Mechanic supervisor with the United States Department of Air Force and was later transferred to the United States Department of the Navy, Naval Facilities Engineering Command, (NAVFAC) (the "Agency") on October 10, 2010 as a result of the base consolidation realignment and closure at Joint Base Anacostia-Bolling Air force Base (JBAB).

6. Defendant Raymond Nabus is the Secretary for the United States Department of the Navy (the "Agency"), which is an independent agency within the Executive Branch of the United States government. It has more than 500 employees. Mr.

Nabus and/or his agents are responsible for the personnel actions, omissions and practices within the Agency. He is being sued only in his official capacity as Secretary of the Agency.

## FACTUAL BACKGROUND

7. Plaintiff worked as a Maintenance Mechanic Supervisor with the U.S. Department of the Air Force and NAVFAC from 1993 until his constructive retirement in March 4, 2011.

8. Plaintiff's responsibilities at NAVFAC included but were not limited to allocating construction assignments (i.e., repairing roofs, cleaning walls, etc.) to various military and civilian personnel employed at the Agency's Vertical Structure Shop.

9. In 2005, Plaintiff filed a race discrimination claim based upon hostile work environment with the Equal Employment Opportunity Commission. The claim was based on alleged discriminatory actions of his first line supervisor-James Freouf.

10. The claim was mutually settled amongst the parties during mediation on September 3, 2008.

11. On or about March 2010, MSgt Donald Winchester was hired by NAVFAC as Chief of Heavy Repair of the Agency's Vertical Structure Shop. He supervised Plaintiff regarding his workload and assignments given under the direction of James Freouf.

12. At or about the same time that Winchester was hired, James Freouf informed him of Plaintiff's prior EEO activity with the Agency.

13. After learning of Plaintiff's prior EEO activity, MSgt Winchester began taking away Plaintiff's supervisory authority under the direction of James Freouf.

14. MSgt Winchester also began to undermine Plaintiff's efforts to supervise military employees under his supervision.


15. On February 7, 2011, Plaintiff was informed by military personnel at the Agency that he along with other civilian employees was being targeted by Msgt Winchester for early retirement and/or removal from the Agency.

16. On February 28, 2011, Plaintiff involuntarily retired from the Agency because of the constant threats of termination and forced retirement by Msgt Winchester.

17. On March 4, 2011, Plaintiff file a *pro se* EEO Complaint alleging hostile work environment, discriminatory treatment and retaliation.

18. A formal complaint alleging the same was filed on June 20, 2011.

## COUNT I
### (Retaliation)

19. Plaintiff incorporates by reference paragraphs one through eighteen of this Complaint.

20. That in 2005, Plaintiff filed a race discrimination claim based upon hostile work environment with the Equal Employment Opportunity Commission.

21. The claim was based off alleged discriminatory actions of his first line supervisor-James Freouf.

22. The claim was mutually settled amongst the parties during mediation on September 3, 2008.

23. After he settled his EEO complaint for discrimination, the Agency, under the direction of James Freouf ("Freouf") began undermining Plaintiff's supervisory authority over military and civilian employees within the Agency.

24. After he settled his EEO complaint for discrimination, the Agency, under the direction and guidance of Freouf began eliminating Plaintiff's supervisory authority altogether.

25. Acting under the direction and guidance of Freouf, MSgt Winchester informed other military employees who worked with Plaintiff that Plaintiff would be removed from service or forced into an early retirement despite the fact that Plaintiff had above satisfactory performance ratings.

## COUNT II
### (Constructive Discharge)

26. Plaintiff incorporates by reference paragraphs one through twenty-five of this Complaint.

27. That Plaintiff was subject to constant threats of termination and harassment by MSgt Winchester under the direction of Freouf - his first line supervisor; and

28. That Plaintiff was told on more than once occasion by Agency employees that MSgt Winchester was planning to force him into an early retirement; and

29. That Plaintiff's work environment was made so hostile and uncomfortable by MSgt Winchester and Freouf that Plaintiff felt that he had no choice but to retire from the Agency two years before his pension vested.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Court enter judgment in his favor and against the Defendant on the claims brought herein and provides him with the following relief:

(1) Enter judgment in Plaintiff's favor and against Defendant on each of the claims contained in this civil action;

(2) Award Plaintiff compensatory damages against Defendant to the maximum allowed under Title VII of the Civil Rights Act of 1964 (with interest).

(3) Award Plaintiff back pay and front pay, if eligible;

(4)     Enjoin Defendant from further retaliating against Plaintiff;

(5)     Award Plaintiff his costs of bringing and maintaining this civil action and the administrative charges that preceded it, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 2000e-5(k);

(6)     Award such other and further relief as the Court may deem just and appropriate.


Respectfully submitted,

/s/ Jason C. Crump
Jason C. Crump, Bar No. 465205
**SMITH GRAHAM & CRUMP, LLC**
9701 Apollo Drive, Suite 495
Largo, MD 20774
Tel. (301) 925-2001 Ext. 111
Fax (301) 925-2540


## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues herein.

/s/ Jason C. Crump
Jason C. Crump